UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JENNIFER BOZUE,

    Plaintiff,

v.

TRANS UNION, LLC,

    Defendant.

Case No.

## COMPLAINT

NOW COMES Plaintiff, JENNIFER BOZUE ("Plaintiff"), by and through her attorneys, hereby alleging the following against Defendant TRANS UNION, LLC ("TRANS UNION" or "Defendant"):

**Nature of the Action**

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

**Parties**

2. Plaintiff is a natural person at all times relevant residing in Grundy County, in the City of Gardner, in the State of Illinois.

3. At all times relevant, Plaintiff was a "consumer," as that term is defined by 15 U.S.C. § 1681(a)(c).

4. Defendant TRANS UNION is a corporation conducting business in the State of

Illinois and is headquartered in Chicago, Illinois.

5. Defendant TRANS UNION is a "person," as that term is defined by a consumer reporting agency, as that term is defined 15 U.S.C. § 1681a(b).

6. Defendant TRANS UNION is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

7. Defendant TRANS UNION furnishes such consumer reports to third parties under contract for monetary compensation.

8. Defendant TRANS UNION is a "consumer reporting agency" ("CRAs"), as that term is described in 15 U.S.C. § 1681a(f).

9. At all times relevant to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**Jurisdiction and Venue**

10. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

11. Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of the property that is the subject of the action is situated within this District.

**Facts**

12. Plaintiff is a consumer who is the victim of inaccurate reporting by TRANS UNION regarding a credit account that she had with Fortiva Credit Card through The Bank of Missouri ("Fortiva"), settled with Fortiva, and paid to Fortiva.

13. CRAs, including TRANS UNION, have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

14. Further, CRAs have a duty to conduct a reasonable investigation when notified of disputed information found on a consumer credit report.

15. Further, Furnishers (persons, as that term is defined by 15 U.S.C. 1681a, that furnish information to the CRAs) are prohibited from furnishing information they know or should know is inaccurate.

16. Here, Plaintiff is a victim of inaccurate reporting regarding an account she had with Fortiva, an inaccuracy found in the credit report published by Defendant. The following is a description of the inaccuracy and failures of Defendant to investigate and update its reporting of the account in question:

17. On or about March 13, 2023, Plaintiff and Fortiva settled an account ending in 8803 (the "Account") for $597.00.

18. Per the terms of the settlement agreement, Plaintiff made one (1) payment of $597.00 on March 27, 2023, which fully satisfied the settlement agreement and Account.

19. On February 28, 2024, Plaintiff received a copy of her credit report from TRANS UNION.

20. To her surprise, despite Plaintiff's performance under the terms of the settlement agreement with Fortiva, Defendant TRANS UNION inaccurately reported the Fortiva Account as having a "C/O" rating ("C/O" meaning "Charged off by account provider," according to Defendant) until January 2024, even though the Account was paid and settled in March 2023. TRANS UNION also misreported the payment history of the Account.

3

21. TRANS UNION's failure to report the Account correctly, including its failure to report the accurate Account rating, harmed Plaintiff's credit score and would, at the least, mislead any third party reviewing Plaintiff's credit history.

22. On March 3, 2024, Plaintiff issued a dispute by mail to TRANS UNION regarding the incorrect information being reported on the Account.

23. In her dispute letter, Plaintiff disputed the incorrect entry in her credit report regarding the Account rating and the misreported payment history that improperly reflects her settlement payment. Plaintiff also included proof of the agreement between herself and Fortiva and proof of the payment made in satisfaction of the agreement.

24. Upon information and belief, pursuant to its obligations under the FCRA, TRANS UNION notified Fortiva of Plaintiff's dispute within five days of receipt of the dispute.

25. Further, upon information and belief, TRANS UNION would have sent the documentation Plaintiff included in her dispute letter to Fortiva, including the terms of the settlement and proof of the payment.

26. Despite her very specific dispute and accompanying documents supporting her dispute, TRANS UNION's second report, received by Plaintiff on May 10, 2024, reiterated similar inaccuracies. This credit report continued to report the Account rating as "C/O" reporting until April 2024, with no change in the misreported payment history.

27. At the time of filing this complaint, TRANS UNION continues to report the Account as having a "C/O" rating and inaccurately reports the payment history of the account.

28. Upon information and belief, TRANS UNION continues to report this information because of its failure to conduct a reasonable investigation, including a failure to consider the documentation Plaintiff included in her dispute letter.

29. Further, after receiving Plaintiff's dispute concerning the inaccurate information of the Account, TRANS UNION is required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b).

30. If TRANS UNION had complied with its statutory duties, incorrect information concerning the Account would not have been reported despite notice from Plaintiff.

31. As a result of this conduct and action and inaction of Defendant, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit and suffered mental and emotional distress.

32. Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

33. Because of her concern over the effects Defendant's misreporting has had on her credit, Plaintiff has been unable to apply for or obtain financing to purchase a car or house, despite the fact that Plaintiff has had the financial means to do both.

## COUNT I – TRANS UNION
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

34. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-33.

35. After receiving Plaintiff's dispute, TRANS UNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

36. TRANS UNION violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that TRANS UNION published and maintained concerning Plaintiff.

5

37. As a result of this conduct, action, and inaction of TRANS UNION, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

38. TRANS UNION's conduct, action, and inaction were willful, rendering Defendant TRANS UNION liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

39. In the alternative, TRANS UNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

40. Plaintiff is entitled to recover costs and attorneys' fees from TRANS UNION, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT II – TRANS UNION
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

41. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-33.

42. After receiving Plaintiff's dispute, TRANS UNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

43. Defendant TRANS UNION violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

44. As a result of this conduct, action, and inaction of TRANS UNION, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to

reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

45. TRANS UNION's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

46. In the alternative, Defendant TRANS UNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

47. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TRANS UNION pursuant to 15 U.S.C. §1681n and/or §1681o.

## Prayer For Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

/ / /

## **JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Dated: 10/31/2024  Respectfully submitted,

*/s/ Jeffrey Lohman*
Jeffrey Lohman
Gator Law
2 North Central Avenue, Suite 1800
Phoenix, AZ 85004
E: jeff@gatorlawpc.com
T: (385) 324-5471

**Attorneys for Plaintiff,
JENNIFER BOZUE**